UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LANOBUYUKI L. BALLANSAW                                             PLAINTIFF

V.                                          CIVIL ACTION NO. 3:25-CV-450-KHJ-MTP

CSL PLASMA                                                          DEFENDANT

ORDER

Before the Court is Defendant CSL Plasma's ("CSL") [4] Motion to Dismiss. For the reasons stated below, the Court denies CSL's [4] Motion without prejudice and allows Plaintiff Lanobuyuki Ballansaw ("Ballansaw") 14 days from the date of this Order to amend her [1] Complaint and plead her best case.

I.    Background

This is an employment discrimination case. Using check marks on this Court's pro se complaint form, Ballansaw claims CSL violated the Americans with Disabilities Act ("ADA") by wrongfully terminating her employment, failing to promote her, subjecting her to unequal terms and conditions, and retaliating against her. Compl. [1] at 3–4. Ballansaw identifies her disabilities as kidney disease, plantar fasciitis, and anxiety. *Id.* at 4. Notably, Ballansaw left blank the portions of the complaint form that ask for facts to support her claims and information about her damages. *Id.* at 4–6.

Ballansaw does allege, however, that she filed a charge with the Equal

Employment Opportunity Commission ("EEOC") regarding the alleged discrimination ("EEOC Charge") and that the EEOC issued her a Notice of Right to Sue letter ("EEOC Letter"). [1] at 5; EEOC Letter [1-1]. Ballansaw attached a copy of the [1-1] EEOC Letter to her [1] Complaint.

CSL moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Def.'s Mot. to Dismiss [4] at 1. CSL argues that Ballansaw fails to state any plausible claim for relief and that some claims have not been administratively exhausted. Def.'s Mem. in Supp. [5] at 4–5. CSL attached a copy of Ballansaw's EEOC Charge to its [4] Motion. EEOC Charge [4-1].[1]

Ballansaw did not respond timely to CSL's [4] Motion. After this Court ordered her to do so, Ballansaw responded, and CSL replied. Pl.'s Resp. [7]; Def.'s Reply [9].

II.   Standard

In reviewing a Rule 12(b)(6) motion, "the central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (quoting *Hughes v. The Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001)). A valid claim for relief contains "sufficient factual matter, accepted as true," giving the claim "facial plausibility" and allowing "the court to draw the reasonable inference that the defendant is liable

---

[1] In deciding the [4] Motion, the Court considers both the EEOC Charge and the EEOC Letter as they are part of the pleadings and are central to Ballansaw's claims. *See In re Katrina Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (acknowledging that a district court may consider documents attached to pleadings and referred to in a complaint in ruling on a motion to dismiss). Neither party has questioned these documents' authenticity, and both refer to them in their filings.

for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The plausibility standard does not ask for a probability of unlawful conduct but does require more than a "sheer possibility." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" do not satisfy a plaintiff's pleading burden. *Id.* (citing *Twombly*, 550 U.S. at 555).

Ballansaw's pro se status does not excuse her from the *Twombly* and *Iqbal* pleading requirements. Although the Fifth Circuit instructs the Court to "liberally construe" pro se litigants' pleadings, the Court must still "abide by the rules that govern the federal courts." *Equal Emp't Opportunity Comm'n v. Simbaki Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014) (quoting *Frazier v. Wells Fargo Bank, N.A.*, 541 F. App'x 419, 421 (5th Cir. 2013)). Ballansaw must "properly plead sufficient facts that, when liberally construed, state a plausible claim to relief." *Id.* (citing *Champion v. United States*, 421 F. App'x 418, 423 (5th Cir. 2011)).

III.   Analysis

The Court denies CSL's [4] Motion without prejudice and offers Ballansaw an opportunity to amend her pleadings. CSL offers two arguments for dismissal: (1) Ballansaw's failure-to-promote and unequal-terms-and-conditions claims have not been administratively exhausted, and (2) Ballansaw failed to state a claim on all counts. [5] at 1. Ballansaw did not respond substantively to CSL's legal arguments. Instead, she filed a batch of documents that includes medical records, employment records, and a brief narrative of her dispute with CSL. [7]. The Court addresses

CSL's arguments in turn.

First, the Court considers whether Ballansaw's failure-to-promote and unequal-terms-and-conditions claims are outside the scope of her EEOC Charge. In deciding the scope of Ballansaw's EEOC Charge, the Court construes the charge liberally. See *Jennings v. Towers Watson*, 11 F.4th 335, 342 (5th Cir. 2021). Ballansaw's claims can be based "upon any kind of discrimination like or related to the charge's allegations, limited only by the scope of the EEOC investigation that could reasonably be expected to grow out of the initial charges of discrimination." *Fellows v. Universal Rest., Inc.*, 701 F.2d 447, 450–51 (5th Cir. 1983). If Ballansaw's claims here are outside the scope of her EEOC Charge, the Court must dismiss them as unexhausted. [5] at 4–5; see also *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788 (5th Cir. 1996) (recognizing that plaintiffs must exhaust ADA claims with the EEOC before suing in federal court).

Start with what Ballansaw's EEOC Charge *did* cover. Without question, Ballansaw's EEOC Charge alleged CSL discriminated and retaliated against her based on her disability and wrongfully terminated her employment for poor attendance. [4-1] at 2. Now for what the EEOC Charge *did not* say. Ballansaw's EEOC Charge never says that CSL treated other employees differently than Ballansaw or that CSL failed to promote her. Still, even though the EEOC Charge does not specify claims for failure-to-promote and unequal-terms-and-conditions, the Court could still allow them here if the EEOC Charge was broad enough to encompass them.

4

The Court finds that Ballansaw's unequal-terms-and-conditions claim is sufficiently "like or related to" the allegations in the EEOC Charge. It is reasonable to think that an EEOC investigation into CSL firing Ballansaw for poor attendance likely would encompass how CSL applied its attendance policies to other employees.

The same cannot be said for Ballansaw's failure-to-promote claim. Even liberally construed, the EEOC Charge contains no allegations that are "like or related to" Ballansaw's new claim that CSL unlawfully failed to promote her. Therefore, this claim was not administratively exhausted.

In sum, the Court rejects CSL's argument as it relates to Ballansaw's unequal-terms-and-conditions claim but accepts it as to the failure-to-promote claim. Accordingly, Ballansaw's failure-to-promote claim is barred for failure to exhaust. Ballansaw is advised that the Court will dismiss any failure-to-promote claim she makes in her amended pleadings.

Next, because the Court grants Ballansaw leave to amend her [1] Complaint, CSL's argument about the plausibility of Ballansaw's claims is premature. The Court acknowledges the [1] Complaint is boilerplate and includes almost no facts to support Ballansaw's claims against CSL. But the documents Ballansaw filed in response to the [4] Motion suggest she may have additional factual support for her claims. The Court finds it appropriate to allow Ballansaw to restate her claims before dismissing her case. *See Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (acknowledging that "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before

dismissing a case . . ."). The Court advises Ballansaw to understand the pleading requirements applicable to her ADA claims and to satisfy them in any amended pleadings.

IV.     Conclusion

The Court DENIES CSL's [4] Motion to Dismiss without prejudice and GRANTS Ballansaw 14 days from the date of this Order to amend her [1] Complaint and plead her best case. If she does not, the Court will dismiss all claims that do not state a claim upon which relief should be granted without further notice.

SO ORDERED this the 8th day of October, 2025.

s/ *Kristi H. Johnson*  
UNITED STATES DISTRICT JUDGE